IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LEONARD DAVIS, III**                                                                               **PLAINTIFF**

**V.**                                            **NO. 4:14CV150-DMB-DAS**

**NURSE PRACTITIONER M. BECKUM, ET AL.**                        **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the Court on the *pro se* prisoner complaint of Leonard Davis, III, who challenges the conditions of his confinement under 42 U.S.C. § 1983. The Court notes that, for purposes of the Prison Litigation Reform Act, Davis was incarcerated when he filed this suit. For the reasons set forth below, Davis' claims against Defendants D. Banks and K. Flowers will be dismissed for failure to state a claim upon which relief could be granted. Davis' claims against Nurse Practitioner M. Beckum, however, will proceed.

**I
Factual Allegations**

On July 27, 2013, at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, Leonard Davis, III, injured his hand during an altercation with another inmate. He was taken to the medical facility and examined by Registered Nurse D. Banks. Banks determined that the injury was not severe and instructed Davis to return to his unit. Davis refused and demanded to see a doctor. Banks informed Davis that she had already consulted with Nurse Practitioner M. Beckum, who had concurred with Banks' assessment. Davis again refused to return to his unit and requested a second opinion. At Banks' request, Family Nurse Practitioner K. Flowers then examined Davis. Flowers recommended that Davis be transported to emergency care for treatment. However, upon hearing of Beckum's earlier decision to send Davis to his unit, Flowers changed her mind and said that Davis

should go back to his unit. Flowers told Davis that, because Beckum was the Nurse Practitioner in charge, Flowers could only give a recommendation for treatment but not overrule Beckum's decision. Davis, however, refused to leave medical until he received treatment for his injury. Medical staff then summoned prison guards to remove Davis and escort him back to his unit. Upon arriving and seeing Davis' hand, the guards asked why they were not taking Davis for emergency medical treatment. Flowers responded that her recommendation to do so had been overruled by the lead practitioner, Beckum.

Davis was then taken to Administrative Segregation for refusing to leave medical. He was not restrained during transport because of his injured hand. He remained in Administrative Segregation for 26 days without treatment. On August 23, 2013, Davis was examined by an orthopedist in Clarksdale, Mississippi, who determined that he had broken his hand during the altercation. Davis received surgery to correct the injury on September 5, 2013, and for some time he wore a brace to support his wrist and thumb. Davis alleges that the defendants in this case violated the Eighth Amendment prohibition against cruel and unusual punishment by initially refusing to send him for medical treatment for his injured hand.

## II
## Analysis

To state a viable cause of action pursuant to § 1983, a plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In the present case, Davis alleges that although Beckum's subordinate nurses and the prison guards raised concerns regarding Davis' medical care, none of these individuals had the authority to override Beckum's decision not to send Davis for

additional treatment. Therefore, as pled, Nurse Practitioner Beckum was the only individual personally involved in, or whose acts were causally connected to, the alleged constitutional violation.

**III**
**Conclusion**

For the reasons set forth above, Davis' claims against Defendants D. Banks and K. Flowers are dismissed for failure to state a claim upon which relief could be granted. Davis' claim against Nurse Practitioner M. Beckum for failure to provide adequate medical care will proceed.

**SO ORDERED**, this 4th day of February, 2015.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**